BLD-384                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-2766
_____

CARA PALLADINO; ISABELLE BARKER

v.

GOVERNOR OF PENNSYLVANIA; ATTORNEY GENERAL PENNSYLVANIA


*JAMES D. SCHNELLER,
                                                    Appellant

(*Pursuant to Fed. R. App. P. 12(a))
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-13-cv-05641)
District Judge:  Mary A. McLaughlin

_____

Submitted for Possible Dismissal for Lack of Appellate Jurisdiction or
Pursuant to 28 U.S.C. § 1915(e)(2) or for
Possible Summary Action Pursuant to LAR 27.4 and I.O.P. 10.6
September 25, 2014

Before:  AMBRO, CHAGARES and VANASKIE, <u>Circuit Judges</u>


(Filed: October 14, 2014)


_____

OPINION
_____

PER CURIAM

James D. Schneller, who is proceeding pro se and in forma pauperis, appeals from the District Court's April 15, 2014 order. For the reasons that follow, we will summarily affirm the District Court's order.

I.

In January 2014, Schneller filed a motion for leave to intervene in the above-captioned case, which is proceeding in the United States District Court for the Eastern District of Pennsylvania and involves a same-sex couple's challenge to, among other things, the Defense of Marriage Act, 28 U.S.C. § 1738C. Schneller sought to intervene in the case, representing himself and the Philadelphia Metro Task Force ("Task Force"), which he states is a "community organization formed to support and encourage upholding of family values and morality in government."[1] On March 4, 2014, the District Court denied Schneller's request, concluding that he had not established that he was eligible to intervene by right or permission pursuant to Rule 24(a) or (b) of the Federal Rules of Civil Procedure. The District Court also declined to permit Schneller to proceed as amicus curiae.

---

[1] In a June 17, 2014 order entered by the Clerk of this Court, Schneller was advised that a document that he filed concerning his representation of the Task Force would be submitted to a motions panel. At this point, we dismiss the appeal as to the Task Force because Schneller, a non-lawyer, cannot represent that entity. See Simbraw v. United States, 367 F.2d 373, 373 (3d Cir. 1966) (per curiam).

2

Schneller filed a timely motion to reconsider the District Court's March 4th order, attaching an amended application to intervene. The District Court denied Schneller's motion on March 24, 2014. Schneller did not appeal from this order.

Then, on April 15, 2014, Schneller filed a motion for leave to file the same amended application to intervene that he had attached to his motion for reconsideration. Schneller argued that the District Court should allow him to file the amended motion to intervene pursuant to Federal Rule of Civil Procedure 15(a), which governs the amendment of pleadings. He also stated that "[t]he order denying intervention and the order denying reconsideration set forth reasons that clearly could be resolved by the improved pleading, and the amended pleading stands as a worthy and bona fide application to intervene."

On April 15, 2014, the District Court denied Schneller's motion, explaining first that Rule 15 did not apply to his amended motion to intervene, as the motion is not classified as a pleading under Rule 7(a) of the Federal Rules of Civil Procedure. The District Court thus considered Schneller's motion as seeking reconsideration of its denial of his previous motion to reconsider. The District Court denied the motion, determining that Schneller had not raised any reasons that would justify reconsideration of its March 24th order. See Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).

On May 15, 2014, Schneller's notice of appeal from the District Court's April 15th order was entered on the District Court's docket.

II.

Preliminarily, we agree with the District Court's decision to treat Schneller's motion to file an amended motion to intervene as a motion to reconsider its March 24, 2014 order, as Rule 15(a) did not govern the motion and he clearly wanted the District Court to reconsider its previous orders and allow him to intervene. See Ahmed v. Dragovich, 297 F.3d 201, 208 (3d Cir. 2002) (stating that courts are free to recharacterize a "motion to amend to match the substance of the relief requested"). Thus, we will treat this as an appeal from the denial of Schneller's motion to reconsider the denial of his previous motion for reconsideration of the denial of his motion to intervene.

We have jurisdiction to review the denial of a motion to intervene pursuant to 28 U.S.C. § 1291. See U.S. v. Alcan Aluminum, Inc., 25 F.3d 1174, 1179 (3d Cir. 1994); U.S. v. Territory of Virgin Islands, 748 F.3d 514, 525 (3d Cir. 2014) (affirming the District Court's denial of a motion for permissive intervention and for intervention as of right). However, "anyone who is involved in an action sufficiently to have a right of appeal from its final disposition does not have an immediate right of appeal from a denial or partial denial of intervention." Carlough v. Amchem Prods., Inc., 5 F.3d 707, 712 (3d Cir. 1993). Here, Schneller has no right of participation in the underlying case between two individuals and the Governor and Attorney General of Pennsylvania, and thus no right to appeal from the final decision in that case. Accordingly, the District Court's

4

order denying his motion for intervention, as well as its order denying his motion for reconsideration, and motion for re-reconsideration, were immediately appealable.[2]

In this case, however, our jurisdiction is limited to review of the District Court's April 15th order, because a second motion for reconsideration is not one of the motions listed in Rule 4(a)(4) of the Federal Civil Rules of Procedure that tolls the time to appeal from the initial judgment, see Turner v. Evers, 726 F.2d 112, 114 (3d Cir.1984), and the notice of appeal was not filed within thirty days of either the initial order or the March 24, 2014 order denying Schneller's first motion for reconsideration, see Fed. R. App. P. 4(a)(1).[3]

Our review of the District Court's denial of the subsequent motion for reconsideration is for abuse of discretion. See Max's Seafood Café, 176 F.3d at 673. Motions for reconsideration are appropriate only to rectify plain errors of law or to offer newly discovered evidence, and they may not be used to relitigate old matters or to present evidence that could have been offered earlier. Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985); Exxon Shipping Co. v. Baker, 554 U.S. 471, 485 n.5 (2008). Schneller's motion clearly does not meet these requirements, and we cannot say

---

[2] We note that our jurisdiction would not extend to the District Court's decision denying Schneller leave to act as amicus curiae. Boston v. Providence R.R. Stockholders Dev. Grp. v. Smith, 333 F.2d 651, 652 (2d Cir. 1964).

[3] We note that Schneller's notice of appeal stated that he was appealing from the District Court's April 15, 2014 order and all "related interlocutory orders." We will construe Schneller's notice of appeal liberally and assume that he is seeking our review of the District Court's initial order denying his motion to intervene and the order denying his motion for reconsideration. See Higgs v. Att'y Gen., 655 F.3d 333, 339 (3d Cir. 2011).

that the District Court erred in declining to reconsider its original order denying reconsideration of Schneller's motion to intervene.

Finding no substantial question raised by this appeal, we will summarily affirm the April 15, 2014 order of the District Court. 3d Cir. LAR 27.4 and I.O.P. 10.6. Further, Schneller's pending motions are denied.